Janice **NOLAN**, Plaintiff-Respondent,

v.

Johnnie Seibert **NOLAN**, Defendant-Appellant.

No. 34499.

Missouri Court of Appeals,
St. Louis District.

Nov. 7, 1972.

William B. Spaun, Hannibal, for defendant-appellant.

Schaper & Woods, McIlroy & Millan, Bowling Green, for plaintiff-respondent.

**48**

DOWD, Chief Judge.

This action involved a petition for separate maintenance by the plaintiff and a cross-bill for divorce by the defendant. The trial court granted plaintiff a decree for separate maintenance, and denied defendant's cross-bill for divorce. The court ordered defendant to pay $125.00 per month alimony, $50.00 per month for each of three children, $200.00 for attorney fees, and $100.00 per month toward the repayment of back debts. Defendant appeals contending that the evidence was insufficient to sustain a decree of separate maintenance and that the court erred in ordering defendant to pay to plaintiff $100.00 per month for repayment of back debts.

The record reflects many irreconcilable conflicts in the testimony which require our giving great deference to the findings of the trial judge, who had the parties and witnesses before him and was, therefore, in a much better position to judge their credibility than is this court. We must conclude from our review of the testimony that the trial court's award of separate maintenance to the plaintiff was not clearly erroneous. Civil Rule 73.01(d), RSMo 1969, V.A.M.R.

However, a review of the record does not indicate a valid basis for the award to plaintiff of $100.00 per month for back debts. We reach this conclusion without deciding whether our statute[1] permits such an award over and above an award of alimony. Such a decision, on the merits, is unnecessary under the record before us. Here, plaintiff's own testimony clearly shows that the bulk of the loans which they owed were in the defendant's name only, or co-signed by both parties. Therefore, since it is the defendant who is responsible for repaying these debts, the record indicates no ascertainable logic, whether by law or by reason in requiring defendant to pay an extra sum to his wife for his own debts.

Accordingly, that part of the judgment awarding to plaintiff a decree of separate maintenance, alimony, child support and attorney fees is affirmed, that part of the judgment ordering the defendant to pay $100.00 per month for the repayment of back debts is reversed.

It is so ordered.

WEIER and CLEMENS, JJ., concur.

---

1. Section 452.130, RSMo 1969, V.A.M.S.